UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Bernice Cameron

    v.                              Civil No. 05-cv-153-JD

Ford Motor Credit Corp.

O R D E R

Bernice Cameron filed a class action complaint in state court alleging that Ford Motor Credit Corporation ("FMCC") failed to send statutorily required notice to the appropriate credit insurers when she and others paid off their car loans early. As a result, she contends, she and other members of the putative class did not receive refunds of that part of the premium which applied to the time after their early payoffs. She seeks a refund of FMCC's finance charges under New Hampshire Revised Statutes Annotated ("RSA") 361-A:11, damages for breach of contract under New Hampshire law, and reasonable attorneys' fees.

FMCC removed the case to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332(d)(2).[1] Cameron moves to remand the case, contending that subject matter jurisdiction is

---

[1] The diversity jurisdiction statute and the removal statutes were amended by the Class Action Fairness Act ("CAFA"), effective February 18, 2005. See 28 U.S.C.A. §§ 1332(d)(2) & 1453; see also Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1234-35 (10th Cir. 2005).

lacking because FMCC cannot show that the amount in controversy exceeds $5,000,000, which is required under CAFA.

As the removing party, the defendant has the burden of showing that this court has subject matter jurisdiction. Danca v. Private Health Care Sys., Inc, 185 F.3d 1, 4 (1st Cir. 1999). In a removed action, when it is disputed whether the amount in controversy requirement is met and the complaint does not seek a specific amount in damages, the defendant must show by a preponderance of the evidence that the amount in controversy meets or exceeds the jurisdictional requirement. Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 220 (D.N.H. 2004). The defendant may meet that burden by pointing to allegations in the complaint or by providing additional competent evidence. Id.

Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which - (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." § 1332(d)(2). The amount in controversy is determined by aggregating all of the claims of the individual class members, exclusive of interest and costs. § 1332(d)(6). Cameron argues that FMCC cannot show that the amount in controversy requirement is met in this case, but she

does not dispute that diversity of citizenship exists.

FMCC contends that the amount in controversy requirement is satisfied here because the monetary value of the relief the plaintiff class is seeking exceeds $5,000,000.  To show that amount, FMCC relies on the affidavit of Ann O. Lee, Assistant Secretary for the FMCC.  Lee states that based on her search of FMCC records, 2,791 individuals meet the criteria for class membership as alleged in Cameron's complaint.  She further states that the total amount of finance charges paid by those individuals is $6,741,854.  Based on Lee's affidavit, FMCC has made a sufficient showing to support subject matter jurisdiction under § 1332(d).  Therefore, removal was proper.

## Conclusion

For the foregoing reasons, the plaintiff's motion to remand (document no. 10) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 27, 2005

cc:  Michael P. Bruyere, Esquire
     Charles G. Douglas III, Esquire
     Corliss S. Lawson, Esquire
     Edward K. O'Brien, Esquire
     John-Mark Turner, Esquire